UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

No. 5:11-cv-00004(D)

| | |
|---|---|
| PIPEFITTERS LOCAL NO. 636 DEFINED BENEFIT PLAN, Individually and on Behalf of Itself and All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>  vs.<br><br>TEKELEC, et al.,<br><br>                      Defendants. | <u>CLASS ACTION</u><br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PIPEFITTERS LOCAL NO. 636 DEFINED BENEFIT PLAN AND NORFOLK COUNTY RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |

Class members Pipefitters Local No. 636 Defined Benefit Plan and Norfolk County Retirement System (collectively "Pipefitters and Norfolk County"), respectfully submit this Memorandum of Law in support of their motion for: (1) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Labaton Sucharow LLP ("Labaton Sucharow") as co-lead counsel and McDaniel & Anderson, LLP ("McDaniel & Anderson") as liaison counsel pursuant to the PSLRA.

## I. STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

This securities fraud class action was filed on January 6, 2011, on behalf of persons who purchased the common stock of Tekelec ("Tekelec" or the "Company") between February 11, 2010 and August 5, 2010, inclusive (the "Class Period").

Under the PSLRA, the Court is to appoint as lead plaintiff the "person or group of persons" with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Pipefitters and Norfolk County should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) have the largest financial interest in this litigation of any proposed lead plaintiff of which they are aware; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

In addition, Pipefitters and Norfolk County's selection of Robbins Geller and Labaton Sucharow as co-lead counsel and McDaniel & Anderson as liaison counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Robbins Geller and Labaton Sucharow have extensive experience in the prosecution of securities class actions and will more than adequately represent the interests of all class members as lead counsel. *See, e.g.*, *In re Krispy Kreme Doughnuts, Sec. Litig.*, No. 1:04CV00416, 2004 U.S. Dist. LEXIS 26282 (M.D.N.C. Oct. 6, 2004) (appointing Robbins Geller

- 1 -
611976_1

Case 5:11-cv-00004-D   Document 6   Filed 03/07/11   Page 2 of 12

lawyers as lead counsel); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("the Court finds that [Robbins Geller] will represent deftly the class's interests"); *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions").

## II. STATEMENT OF FACTS

Tekelec engages in the design, development, manufacture, marketing, sale and support of telecommunications products and services. Throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges that defendants failed to disclose: (i) that the Company was experiencing known but undisclosed difficulties in fulfilling orders in the emerging markets in general and in India in particular due to security and regulatory issues; (ii) that the Company's customers in the emerging markets were experiencing known but undisclosed credit issues causing them to delay purchases; (iii) that the Company was experiencing a sharp decline in new orders that was reasonably likely to have a material adverse effect on the Company's backlog and operating results; and (iv) that, as a result of the foregoing, defendants' representations concerning their "visibility" into the Company's earnings were materially false and misleading.

On August 5, 2010, Tekelec issued a press release announcing its operating results for the quarter ended June 30, 2010. In response to the announcement, the price of Tekelec common stock fell more than 9% on heavy trading volume as the remaining artificial inflation came out of the stock price.

## III. A STATEMENT OF THE QUESTIONS PRESENTED

1. Should Pipefitters and Norfolk County be appointed Lead Plaintiff?

- 2 -

611976_1

Case 5:11-cv-00004-D   Document 6   Filed 03/07/11   Page 3 of 12

2. Should Pipefitters and Norfolk County's selection of Co-Lead and Liaison Counsel be approved?

## IV. ARGUMENT

### A. Pipefitters and Norfolk County Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising under the Securities and Exchange Act of 1934 ("the Exchange Act") that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published on *Business Wire* on January 6, 2011. *See* Affidavit of L. Bruce McDaniel in Support of Pipefitters Local No. 636 Defined Benefit Plan's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("McDaniel Aff."), Ex. A. Within 60 days after publication of the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
>> (aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1. Pipefitters and Norfolk County Have Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for appointment as lead plaintiff in this matter must do so by March 7, 2011. 15 U.S.C. §78u-4(a)(3)(A)(II). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Pipefitters and Norfolk County hereby move this Court in a timely manner to be appointed lead plaintiff on behalf of all members of the class.

### 2. Pipefitters and Norfolk County Have the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Pipefitters and Norfolk County suffered a loss of over $47,000. McDaniel Aff., Exs. A, B. Accordingly, upon information and belief, Pipefitters and Norfolk County have the largest financial interest in the outcome of this litigation. 15 U.S.C. §78u-4(a)(3)(B).

### 3. Pipefitters and Norfolk County Otherwise Satisfy Federal Rule of Civil Procedure 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of

the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264-65 (3d Cir. 2001). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See also In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 350 (D. Md. 2003) ("typicality is satisfied if the movant's claim arises from the same course of events . . . and relies on similar legal theories"). As one court noted, "[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, 'so go the claims of the class.' . . . Complete identi[fication] between the claims constituting each individual action is not required." *Chisholm v. TranSouth Fin. Corp.*, 184 F.R.D. 556, 563-64 (E.D. Va. 1999) (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

Pipefitters and Norfolk County satisfy the typicality requirement of Rule 23 because, just like all other class members, they: (1) purchased Tekelec common stock during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, Pipefitters and Norfolk County's

claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cree*, 219 F.R.D. at 372.

Here, Pipefitters and Norfolk County are adequate representatives of the class because their interests in aggressively pursuing the claims against defendants are clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market. There is no antagonism between Pipefitters and Norfolk County's interests and those of the other members of the class. Moreover, Pipefitters and Norfolk County are precisely the type of institutional investors Congress sought to encourage to lead securities cases like this one when it passed the PSLRA. *Cendant*, 264 F.3d at 243-44 ("The plaintiff with the largest stake in a given securities class action will almost invariably be a large institutional investor, and the PSLRA's legislative history expressly states that Congress anticipated and intended that such investors would serve as lead plaintiffs.") (citing S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690) ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the member of the purported class with the largest financial stake in the relief is the 'most adequate plaintiff.'").

Pipefitters provides retirees with a predetermined monthly retirement benefit upon reaching a specific age. Currently, the Fund has $415 million in assets. Norfolk County, established in 1937,

provides retirement benefits to 8,200 active and retired government employees of forty governmental units and has more than $600 million in assets.

In addition, as demonstrated below, Pipefitters and Norfolk County's proposed co-lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Pipefitters and Norfolk County *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### B. Pipefitters and Norfolk County's Selection of Co-Lead and Liaison Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Pipefitters and Norfolk County, as the presumptively "most adequate plaintiff," have selected Robbins Geller and Labaton Sucharow to serve as co-lead counsel and McDaniel & Anderson to serve as liaison counsel, subject to this Court's approval.

Robbins Geller is a 180-lawyer firm that possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Robbins Geller's attorneys include attorneys who have come from federal, state and local law enforcement and regulatory agencies, including dozens of former prosecutors and SEC attorneys. Robbins Geller also includes more than 25 former federal and state judicial law clerks. Robbins Geller currently represents more institutional investors, including public and multi-employer pension funds and domestic and international financial institutions, in securities and corporate litigation than any other firm in the United States. Robbins Geller has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See also* McDaniel Aff., Ex. D.

Labaton Sucharow has excelled as lead counsel in numerous important actions on behalf of defrauded investors. Labaton Sucharow as lead counsel in *In re American International Group, Inc. Sec. Litig.*, No. 04-cv-8141 (S.D.N.Y.), recently achieved settlements in principle totaling approximately $1 billion. In addition, Labaton Sucharow is lead counsel in *In re Countrywide Financial Corp. Sec. Litig.*, No. 07-cv-5295 (C.D. Cal.), which resulted in a settlement of $601.5 million, subject to final approval by the court. If approved, the *Countrywide* settlement will be the largest securities fraud settlement arising from the financial crisis of 2007 to 2008. Labaton Sucharow served as lead counsel in the *Waste Management* securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at the time. *See Waste Mgmt.*, 128 F. Supp. 2d at 432. *See also* McDaniel Aff., Ex. E. Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against HealthSouth Corp., The Bear Stearns Cos., Inc., Federal National Mortgage Association (Fannie Mae), Satyam Computer Services Ltd., and others.

**V. CONCLUSION**

For the foregoing reasons, Pipefitters and Norfolk County respectfully request the Court appoint them as Lead Plaintiff in this action pursuant to 15 U.S.C. §78u-4(a)(3)(B), and approve their selection of Robbins Geller and Labaton Sucharow as Co-Lead Counsel and McDaniel & Anderson as Liaison Counsel.

DATED: March 7, 2011　　　　　　　　　　McDANIEL & ANDERSON, L.L.P
　　　　　　　　　　　　　　　　　　　　L. BRUCE McDANIEL

　　　　　　　　　　　　　　　　　　　　s/ L. BRUCE McDANIEL
　　　　　　　　　　　　　　　　　　　　L. BRUCE McDANIEL

Lafayette Square
4942 Windy Hill Drive
Raleigh, NC 27609
Telephone: 919/872-3000
919/790-9273 (fax)

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
140 Broadway, 34th Floor
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)

[Proposed] Co-Lead Counsel for Plaintiffs

SULLIVAN, WARD, ASHER & PATTON, P.C.
MICHAEL J. ASHER
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI 48075-1000
Telephone: 248/746-0700
248/746-2760 (fax)

Additional Counsel for Plaintiff

- 9 -
611976_1

CERTIFICATE OF SERVICE

      I hereby certify that on March 7, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 7, 2011.

      s/ L. BRUCE McDANIEL
      L. BRUCE McDANIEL

      McDANIEL & ANDERSON, L.L.P
      Lafayette Square
      4942 Windy Hill Drive
      Raleigh, NC 27609
      Telephone: 919/872-3000
      919/790-9273 (fax)

      E-mail: mcdas@mcdas.com

611976_1

# Mailing Information for a Case 5:11-cv-00004-D

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **L. Bruce McDaniel**
  mcdas@mcdas.com,kbwatt@mcdas.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`