IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-4-D

PIPEFITTERS LOCAL NO. 636          )
DEFINED BENEFIT PLAN, and          )
NORFOLK COUNTY RETIREMENT          )
SYSTEM,                            )
                                   )
                 Plaintiffs,       )
                                   )
        v.                         )          **ORDER**
                                   )
TEKELEC, FRANCO PLASTINA,          )
WILLIAM H. EVERETT, and            )
GREGORY RUSH,                      )
                                   )
                 Defendants.       )

        Pipefitters Local No. 636 Defined Benefit Plan ("Pipefitters") and Norfolk County

Retirement System ("Norfolk") (collectively, "plaintiffs") are unhappy with some investments they

made between February 2010 and August 2010. On January 6, 2011, Pipefitters, as lead plaintiff,

filed a class action complaint alleging various securities law violations against Tekelec, Franco

Plastina ("Plastina"), William H. Everett ("Everett"), and Gregory Rush ("Rush") (collectively,

"defendants") [D.E. 1]. On June 30, 2011, Pipefitters and Norfolk filed an amended class action

complaint, alleging against defendants various securities law violations occurring from February 11,

2010, to August 5, 2010. Am. Compl. [D.E. 20] ¶¶ 1, 67–96. On August 29, 2011, defendants

moved to dismiss the amended complaint [D.E. 24]. In support of that motion, defendants filed a

memorandum [D.E. 25], and a declaration from Carl Volz [D.E. 23]. On October 31, 2011,

Pipefitters and Norfolk responded in opposition to defendants' motion [D.E. 27]. On November 30,

2011, defendants replied [D.E. 30]. As explained below, the court grants defendants' motion to

dismiss and dismisses the amended complaint without prejudice.

Tekelec is a publicly traded telecommunications corporation providing various products "for wireless [telephone] and landline service providers," including "systems and software that support signaling networks." Am. Compl. ¶¶ 2–3, 23. Plastina served as Tekelec's president and chief executive officer from February 2006 to January 2011. Id. ¶ 24. Everett was Tekelec's chief financial officer ("CFO") from April 2005 to March 2010, as well as executive vice president from February 2007 to March 2010. Id. ¶ 25. Rush was Tekelec's corporate comptroller and one of the company's vice presidents from May 2005 until Everett's retirement in March 2010. In May 2006, Rush became Tekelec's chief accounting officer. In March 2010, Rush became interim CFO. In April 2010, he became Tekelec's CFO and senior vice president. Id. ¶ 26.

Tekelec has a geographically extensive business and brands itself as a global telecommunications provider. "The Company has more than 25 offices around the world serving customers in more than 100 countries." Id. ¶ 23. By 2009, international markets represented 61 percent of Tekelec's total revenue. Id. ¶ 3. Among Tekelec's most robust foreign markets is India, where Tekelec has been conducting business since February 2004. See id. ¶¶ 3, 33–34, 36, 109, 113. One of Tekelec's most profitable product lines in India and elsewhere was the EAGLE 5 family of signaling software and systems. See id. ¶¶ 28, 109–13. The company's EAGLE XG product family, launched in 2008, was intended to replace the EAGLE 5 family and "to keep pace with customers' evolving needs." Id. ¶ 28.

Plaintiffs allege that from February 11, 2010, to August 5, 2010, defendants made materially false or misleading statements "regarding the true state of [Tekelec's] business in India, as well as the state of business for Tekelec's primary signaling products, the EAGLE 5 and EAGLE XG." Id. ¶ 4; see also id. ¶¶ 1, 7–13, 67–96. As a result of these statements, plaintiffs allege that Tekelec's stock price became artificially inflated. See id. ¶¶ 14, 116–17. On August 3, 2010, a USA Today article disclosed problems in the Indian telecommunications market. Id. ¶ 88; see also [D.E. 23-6].

Thereafter, on August 4, 2010, Tekelec's stock price fell $0.52 per share (3.64 percent). Am. Compl. ¶¶ 14, 89; see also Tekelec Stock Price Table [D.E. 23-2]. The following day, Tekelec revealed disappointing financial results for the second quarter of 2010, after which the company's stock price dropped another $1.29 (9.37 percent). Am. Compl. ¶¶ 14, 90–96, 117; see also Tekelec Stock Price Table. When Tekelec's stock price fell, so too did the value of all investments in Tekelec's stock that Pipefitters, Norfolk, and others had made between February 11, 2010, and August 5, 2010. See Am. Compl. ¶¶ 101, 115, 117.

Plaintiffs' amended class action complaint alleges that defendants violated Section 10(b) ("section 10(b)") of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78j, and the corresponding Securities and Exchange Commission ("SEC") Rule 10b-5 ("Rule 10b-5"), 17 C.F.R. § 240.10b-5. Am. Compl. ¶¶ 140–50. The amended class action complaint also alleges that Plastina, Everett, and Rush violated section 20(a) of the 1934 Act ("section 20(a)"), 15 U.S.C. § 78t(a). Am. Compl. ¶¶ 151–55.

## II.

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, No. 10-1016, 2012 WL 912951 (U.S. Mar. 20, 2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see Iqbal, 129 S. Ct. at 1949–50. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct.

3

at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).

A.

The 1934 Act's section 10(b) prohibits

> any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j(b). One such rule is Rule 10b-5. <u>See</u> 17 C.F.R. § 240.10b-5. In relevant part, Rule 10b-5 prohibits

> any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails . . . [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or . . . [t]o engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

<u>Id.</u> To establish section 10(b) and Rule 10b-5 liability, a plaintiff must prove four elements: that "(1) the defendant made a false statement or omission of material fact (2) with scienter (3) upon which the plaintiff justifiably relied (4) that proximately caused the plaintiff's damages." <u>Hillson Partners Ltd. P'ship v. Adage, Inc.</u>, 42 F.3d 204, 208 (4th Cir. 1994); <u>see</u> <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 341–42 (2005).

To survive a Rule 12(b)(6) motion to dismiss fraud claims, a plaintiff generally must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). When alleging a violation of section 10(b) or Rule 10b-5, however, the pleading standard for certain elements is even higher. <u>See</u> Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, § 101, 109 Stat. 737 (1995); 15 U.S.C. § 78u-4(b); <u>Tellabs</u>, 551 U.S. at 313–14;

4

Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 170–72 (4th Cir. 2007). As to the first element, for example, a plaintiff must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." PSLRA § 101(b); see also 15 U.S.C. § 78u-4(b)(1); Tellabs, 551 U.S. at 313; Teachers' Ret. Sys., 477 F.3d at 172. As to the second element, a plaintiff must "state with particularity facts giving rise to a strong inference" of scienter. PSLRA § 101(b); see also 15 U.S.C. § 78u-4(b)(2)(A); Tellabs, 551 U.S. at 313–14; Teachers' Ret. Sys., 477 F.3d at 172. In other words, with regard to each allegedly false or misleading statement, a complaint must provide specific facts identifying which defendant made the allegedly false or misleading statement, when the defendant "learned that [the] statement was false, how that defendant learned that the statement was false, and the particular document or other source of information from which the defendant came to know that the statement was false." In re First Union Corp. Secs. Litig., 128 F. Supp. 2d 871, 886 (W.D.N.C. 2001); see Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 182 (4th Cir. 2009); Teachers' Ret. Sys., 477 F.3d at 184; Southland Secs. Corp. v. INSpire Ins. Solutions Inc., 365 F.3d 353, 365 (5th Cir. 2004); Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co., 432 F. Supp. 2d 571, 579 (E.D. Va. 2006). Additionally, a complaint against multiple, known defendants must specify precisely which defendant is allegedly responsible for which legal violation. See Southland Secs. Corp., 365 F.3d at 365; Juntti v. Prudential-Bache Secs., Inc., 933 F.2d 228, 1993 WL 138523, at *2 (4th Cir. May 3, 1993) (per curiam) (unpublished table decision); David F. Apple, MD, Prof'l Corp. Pension Plan v. Prudential-Bache Secs., Inc., 820 F. Supp. 984, 987 (W.D.N.C. 1992), aff'd sub nom. Juntti, 1993 WL 138523. A complaint failing to meet this requirement cannot be saved merely by incorporating by reference more specifically pled facts. Juntti, 1993 WL 138523, at *2. Whether in the facts or enumerated claims, then, a complaint alleging section 10(b) or Rule 10b-5 violations against multiple, known defendants may not group or aggregate the defendants. If a plaintiff fails to meet the PSLRA's heightened specificity requirements, courts "shall, on the motion of any defendant, dismiss the complaint . . . ." PSLRA

§ 101(b); <u>see</u> 15 U.S.C. § 78u-4(b)(3).

Here, the amended complaint's facts are improperly group pled. In general, Pipefitters and Norfolk have properly specified which defendants made which allegedly false or misleading statements. <u>See</u> Am. Compl. ¶¶ 68–69, 73–74, 76, 78, 80, 83–84, 86; <u>but see id.</u> ¶¶ 67, 82, 85 (providing improperly group-pled allegations). Pipefitters and Norfolk have also stated with particularity why they believe the statements were materially false or misleading. <u>See id.</u> ¶¶ 72, 75, 77, 79, 81–82, 84, 86–87; <u>but see id.</u> ¶ 83. But Pipefitters and Norfolk have failed to specify when and on what basis <i>each</i> defendant knew or was reckless in not knowing that <i>his</i> statement was false or misleading. <u>See id.</u> ¶¶ 72, 75, 77, 79, 81–82, 84, 86–87, 100–03, 108–14, 118–24; <u>cf. id.</u> ¶¶ 5–6, 9, 32, 35–66.[1] Pipefitters and Norfolk have also failed to allege specifically which of defendants' actions caused Pipefitters's and Norfolk's alleged injury. <u>See id.</u> ¶¶ 115–17.

Even if Pipefitters and Norfolk had pled their facts with proper specificity, their amended complaint still would have fallen short of Rule 9(b)'s and the PSLRA's heightened pleading standards, for the complaint's legal claims are likewise improperly group pled. <u>See id.</u> ¶¶ 141–50, 152–55. The complaint does incorporate the more specifically pled facts by reference. <u>Id.</u> ¶¶ 140, 151. But as explained, not even those facts are sufficiently pled. In any event, such incorporation by reference cannot salvage otherwise improperly group-pled claims. <u>See, e.g.</u>, <u>Southland Secs. Corp.</u>, 365 F.3d at 365; <u>Juntti</u>, 1993 WL 138523, at *2; <u>David F. Apple, MD, Prof'l Corp. Pension Plan</u>, 820 F. Supp. at 987.

In sum, plaintiffs' amended complaint is improperly group pled and, as such, fails to meet Rule 9(b)'s and the PSLRA's heightened pleading requirements for section 10(b) and Rule 10b-5 actions.

---

[1] Paragraphs 77, 79, and 81 appear at first blush to be pled with specificity. <u>See id.</u> ¶¶ 77, 79, 81. But the facts underlying those paragraphs are improperly group pled. <u>See id.</u> ¶¶ 5–6, 9, 32, 35–66. Those group-pled facts do not, and cannot, support plaintiffs' more specific allegations. The court rejects the unwarranted inferential leap Pipefitters and Norfolk espouse. <u>See Iqbal</u>, 129 S. Ct. at 1949–50; <u>Giarratano</u>, 521 F.3d at 302.

### B.

The 1934 Act's section 20(a) imposes joint and several liability on "[e]very person who, directly or indirectly, controls any person liable under any provision of [the 1934 Act] or of any rule or regulation thereunder." 15 U.S.C. § 78t(a). A claim under section 20(a) "requires a predicate allegation of a violation of law." Teachers' Ret. Sys., 477 F.3d at 188. Here, Pipefitters and Norfolk have not properly alleged that any of the defendants violated section 10(b) or Rule 10b-5, the only other 1934 Act claims in the amended class action complaint. Plaintiffs' section 20(a) claim therefore fails. See id.

### III.

Accordingly, the court GRANTS defendants' motion to dismiss [D.E. 24]. The court's decision is based on plaintiffs' improper group pleading as to the section 10(b) and Rule 10b-5 claims, and on the fact that a section 20(a) claim requires a properly alleged predicate violation. The court has not reached the other arguments that the parties raised. Plaintiffs' amended complaint [D.E. 20] is DISMISSED WITHOUT PREJUDICE. Plaintiffs may address the errors identified by the court, make any other changes plaintiffs deem appropriate, and file a second amended complaint. See Fed. R. Civ. P. 15(a)(2). If plaintiffs choose to file a second amended complaint, plaintiffs must do so on or before April 30, 2012. If plaintiffs file a second amended complaint, defendants shall respond in accordance with Federal Rule of Civil Procedure 15(a)(3).

SO ORDERED. This **26** day of March 2012.

JAMES C. DEVER III
Chief United States District Judge